# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0183, <u>Appeal of Jennifer Fitzpatrick, LICSW</u>, the court on November 20, 2018, issued the following order:**

Having considered the appellant's brief, the State's memorandum of law, the appellant's reply memorandum, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The appellant, Jennifer Fitzpatrick, appeals the order of the Superior Court (<u>Abramson</u>, J.) denying her request for return of confidential records submitted pursuant to court order.

The appellant is a licensed independent certified social worker. On October 17, 2017, in compliance with a court order to produce confidential treatment records for one of her patients, the accusing witness in a criminal case, the appellant submitted a sealed copy of the records to the court for <u>in camera</u> review. On October 18, 2017, the court issued an order disclosing a limited portion of the records to counsel for the parties for possible use at trial. The trial started on October 23, 2017, and on October 25, 2017, the jury returned a verdict of not guilty. None of the records were used at trial. Shortly after the trial, the State and defense confirmed that they had destroyed the copies of the disclosed records that were in their possession. On December 27, 2017, the appellant filed a motion asking the court to return its copy of the records. The State and the defendant assented to the motion. On January 8, 2018, the court denied the motion pursuant to its protocol for handling <u>in camera</u> documents, which provides that the clerk shall retain them for ten years. The court subsequently denied the appellant's assented-to motion for reconsideration. This appeal followed.

On appeal, the appellant argues that the trial court's refusal to return the records to her, for no apparent reason other than adherence to the court's protocol, was unreasonable and should be reversed. The State counters that the trial court did not err in denying the appellant's motion because Supreme Court Rule 57-A, which applies to the trial courts, requires documents filed <u>in camera</u> to be held for ten years after the appeal period has expired. <u>See</u> <u>Sup. Ct. R.</u> 57-A. Although, as the appellant argues, Supreme Court Rule 1 provides that the requirements of this court's rules may be suspended for "good cause shown," the State responds that Rule 1 limits this power to "the supreme court or a single justice thereof." <u>See</u> <u>Sup. Ct. R.</u> 1. The State concedes, however,

that it has no need for the records, and that, given the defendant's acquittal, there is no possibility of an appeal or other legal challenge to the proceedings, or to the effectiveness of counsel.

The State also concedes that this court, in the exercise of its supervisory jurisdiction over the trial court, see N.H. Const. pt. II, art. 73-a and RSA 490:4 (2010), has the authority to set aside the requirements of Rule 57-A in this case and to order the trial court to return the records to the appellant. We conclude that, given the unique circumstances of this case, good cause has been shown to suspend the requirements of Rule 57-A. Accordingly, we reverse the trial court's decision and remand for the court to return the records to the appellant.

In light of our decision, we need not address the appellant's remaining arguments.

Reversed and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**